UNITED STATES BANKRUPTCY COURT
IN THE WESTERN DISTRICT OF MICHIGAN

In re:

JACQUELINE M. WILFORD,

    Debtor.

Case No. 17-05549
Chapter 7
Hon. Scott W. Dales
Filed: December 4, 2017

JACQUELINE M. WILFORD,

    Plaintiff,

v.

ACAC, INC. d/b/a APPROVED
CASH ADVANCE,

    Defendant.

ADVERSARY PROCEEDING

Case No.

## ADVERSARY COMPLAINT FOR DAMAGES

The Debtor / Plaintiff ("Plaintiff"), Jacqueline M. Wilford, by and through her attorneys at the Dietrich Law Firm, hereby states the following in commencing this adversary proceeding under Fed. R. Civ. P. 3, made applicable by Fed. R. Bankr. P. 7003:

### INTRODUCTION

1. This is an adversary proceeding to avoid and recovery certain preferential transfers, for actual, statutory, and punitive damages for willful violations of the automatic stay and/or discharge injunction, and for treble damages for statutory and/or common law conversion.

### JURISDICTION AND VENUE

2. The Plaintiff fully incorporates paragraph 1.

3. This adversary proceeding arises out of, and is related to, the above-captioned Chapter 7 case now pending in the United States Bankruptcy Court. Fed. R. Bankr. P. 7008(a).

4. Jurisdiction is proper under 28 U.S.C. § 157 and 28 U.S.C. § 1334.

5. Venue is proper under 28 U.S.C. § 1409(a).

6. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157.

## PARTIES

7. The Plaintiff fully incorporates paragraphs 1 – 6.

8. The Plaintiff is the sole debtor in the above-captioned bankruptcy case and, as such, is an individual as defined by 11 U.S.C. § 362(k). (Case No. 17-05549 at DN 01.)

9. The Defendant, ACAC, Inc. d/b/a Approved Cash Advance ("Creditor"), is a Foreign Profit Corporation incorporated in Delaware that specializes in payday loans.

10. The alleged debt was an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

## FACTUAL ALLEGATIONS

11. The Plaintiff fully incorporates paragraphs 1 – 10.

12. On or around April 27, 2017, the Creditor obtained a judgment against the Plaintiff in *Approved Cash Advance v. Wilford*, State of Michigan's 56-A District Court case number 17-0688-SC in the amount of $840.99. (Attached hereto as Exhibit 1 is a copy of a Request and Writ for Garnishment).

13. On December 4, 2017 ("Petition Date"), the Plaintiff filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code in the Western District of Michigan. (Case No. 17-05549 at DN 01.)

14. As a result of the aforementioned judgment, the Creditor garnisheed the Plaintiff's wages in the amount of $840.99 within 90 days of the Petition Date. (Attached hereto as Exhibit 2 is a copy of the Debtor's wages).

15. As a result of the Creditor's actions and inactions, the Plaintiff retained counsel to recover the wrongfully withheld funds.

16. Through bankruptcy counsel, the Plaintiff requested the Creditor to turn over the wrongfully withheld funds by a letter dated January 20, 2018. (Attached hereto as Exhibit 3 is a copy of the June 1, 2016 letter).

17. Upon information and belief, the Creditor did not respond to the Plaintiff's request to turn over the wrongfully withheld funds.

18. On April 3, 2018, the Discharge Order was entered in the Plaintiff's underlying bankruptcy case. (Case No. 17-05549 at DN 19.)

19. On April 20, 2018, the Plaintiff again requested the Creditor to turn over the wrongfully withheld funds by a letter. (Attached hereto as Exhibit 4 is a copy of the April 20, 2018 letter).

20. The Creditor did not respond to the April 20, 2018 letter.

21. As a result of Creditor actions and inactions in not turning over the wrongfully withheld funds despite bankruptcy counsel's demand, Plaintiff retained undersigned counsel to recover the wrongfully withheld funds.

22. As a result of said wrongful withholding, the Plaintiff was damaged.

23. Because the Creditor refused to return wrongfully withheld funds despite Plaintiff's repeated demands, the Plaintiff commenced this Adversary Proceeding.

24. The Creditor's approach in this matter raises concerns that Creditor has a pattern and practice to not return preference monies until threatened with, or responding to, litigation, thereby denying the honest but unfortunate debtor the recovery of these funds because debtor's counsel will not likely proceed with litigation as attorney fees are generally not recoverable in a preferential transfer action.

## COUNT I: AVOIDANCE OF PREFERENTIAL TRANSFER

25. The Plaintiff fully incorporates paragraphs 1 – 24.

26. Garnishing bank funds in the amount of $840.99, as set forth above, constitutes a transfer of property of the Plaintiff to or for the benefit of the Creditor who was a creditor of the Plaintiff.

27. The garnishment was made for or on account of antecedent debts allegedly owed by the Plaintiff to the Creditor based upon the state court judgment.

28. The Plaintiff was presumptively and actually insolvent at the time of the garnishment.

29. The garnishment was made on or within the 90 days before the Petition Date.

30. By virtue of the garnishment, the Creditor received more than they would have received if the Plaintiff's estate had been liquidated under Chapter 7, the garnishment had not occurred, and the Creditor had received payment of the debt to the extent permitted by the Bankruptcy Code because this was a "no asset" Chapter 7 case.

31. The garnishment constitutes avoidable preferences pursuant to 11 U.S.C. § 547(b).

32. The Chapter 7 Trustee has not attempted to avoid the garnishments.

33. The Plaintiff may avoid the garnishment to the extent that she exempted the garnisheed funds because the garnishment is avoidable by the Chapter 7 Trustee and the Chapter 7 Trustee has not attempted to avoid the garnishment, pursuant to 11 U.S.C. § 522(h).

## COUNT II: RECOVERY OF PREFERENTIAL TRANSFER

34. The Plaintiff fully incorporates paragraphs 1 – 33.

35. The Creditor was the initial transferee of the bank garnishment, or the immediate or mediate transferees or the persons for whose benefit the garnishment was made.

36. The Plaintiff may recover the withheld funds the same as if the Chapter 7 Trustee had avoided the withholdings, and may exempt the withheld funds so recovered, pursuant to 11 U.S.C. § 522(i).

37. Unless otherwise determined after a trial, the Plaintiff is entitled to recover from the Creditor, by and through Creditor's counsel, the sum of $840.99, plus interest thereon to the date of payment and the costs of this action, pursuant to 11 U.S.C. § 550(a).

## COUNT III: CLAIM DISALLOWANCE

38. The Plaintiff fully incorporates paragraphs 1 – 37.

39. The Creditor was the initial transferee of the garnishment, or the immediate or mediate transferees of such initial transferee, or the person for whose benefit the garnishment was made.

40. Any claims of the Creditor against the Plaintiff must be disallowed until such time as the Creditor pays to the Plaintiff an amount equal to the aggregate amount of the avoidable transfer, plus interest thereon and costs, pursuant to 11 U.S.C. § 502(d).

## COUNT IV: AUTOMATIC STAY / DISCHARGE INJUNCTION VIOLATIONS

41. The Plaintiff fully incorporates paragraphs 1 – 40.

42. 11 U.S.C. § 362(a)(1) prohibits "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case".

43. 11 U.S.C. § 362(a)(3) prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

44. Property seized or garnisheed by a creditor pre-petition constitutes "property of the estate" under 11 U.S.C. § 541(a). *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 210-11 (1983).

45. The legislative history[1] and case law[2] provides that majority of courts hold a creditor willfully violates the automatic stay under 11 U.S.C. § 362(a)(3) for passively retaining an asset obtained pre-petition after a post-petition demand for turnover.

---

[1] The Bankruptcy Amendments and Federal Judgeship Act of 1984 broadened the automatic stay by prohibiting "any act . . . to exercise control over property of the estate." Pub. L. No. 98-353, 98 Stat. 333, 371.

[2] *See Weber v. SEFCU (In re Weber)*, 719 F.3d 72, 81 (2d Cir. 2013) (vehicle); *Thompson v. Gen. Motors Acceptance Corp. (In re Thompson)*, 566 F.3d 699, 703 (7th Cir. 2009) (vehicle); *In re Rozier*, 376 F.3d 1323 (11th Cir. 2004) (vehicle); *California Emp't Dev. Dep't v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1152 (9th Cir. 1996) (retaining disputed taxes); *Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989) (grain and equipment); *In re Carrigg*, 216 B.R. 303, 305 (BAP 1st Cir. 1998) (vehicle); *Mitchell v. BankIllinois (In re Mitchell)*, 316 B.R. 891 (S.D. Tex. 2004) (vehicle); *Carr v. Security Sav. & Loan Ass'n (In re Carr)*, 130 B.R. 434, 436 (D. N.J. 1991) (vehicle) (superseded by statute on other grounds); *In re Trujillo*, 485 B.R. 238 (Bankr. D. Colo. 2012) (pre-petition garnishment wages received post-petition); *In re Jackson*, 251 B.R. 597 (Bankr. D. Utah 2000) (vehicle); *In re McCall-Pruitt*, 281 B.R. 910, 911 (Bankr. E.D. Mich. 2002) (tax refund); *In re Zunich*, 88 B.R. 721, 724 (Bankr. W.D. Penn. 1988) (retaining funds mailed post-petition pursuant to pre-petition garnishment); *TransSouth v. Sharon (In re Sharon)*, 234 B.R. 676 (BAP 6th Cir. 1999) (vehicle).

46. 11 U.S.C. § 362(a)(6) prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case".

47. Likewise, 11 U.S.C. § 524(a)(2) provides that upon entry of the discharge order, the discharge "operates as an injunction against the commencement or continuation of an action, . . . or an act, to collect, recover or offset any such debt as a liability of the debtor, whether or not discharge of such debt is waived."

48. All Circuit Courts deciding the issue have held that a debtor is entitled to recover attorney fees incurred to remedy a stay violation, including the attorney fees incurred in prosecuting the damages action.[3]

49. The automatic stay and discharge injunction "provisions are really just different sides of the same coin." *In re Perviz*, 302 B.R. 357, 369 (Bankr. N.D. Ohio 2003).

50. A creditor has a duty to halt all collection efforts when a debtor files for bankruptcy protection and/or the discharge order enters; the failure to do so constitutes an automatic stay and/or discharge injunction violation. *In re McCall-Pruitt*, 281 B.R. 910, 912 (Bankr. E.D. Mich. 2002) (stating "[c]ourts have overwhelmingly and consistently held that a creditor's failure to halt collection proceedings after a petition is filed violates the automatic stay.").

51. A creditor's post-petition refusal to surrender property obtained pre-petition constitutes a violation of the automatic stay. *TranSouth v. Sharon (In re Sharon)*, 234 B.R. 676 (6th Cir. BAP 1999).

52. The Creditor received notification of the order for relief and the imposition of the automatic stay.

---

[3] *In re Webb*, 472 B.R. 665 (6th Cir. B.A.P. 2012) (allowing attorney fees for filing litigation where necessary to afford a complete remedy to the debtor); *see also In re Schwartz-Tallard*, 803 F.3d 1095, 1097 (9th Cir. 2015) (resolving a split amongst the Circuits by holding that a debtor is entitled to attorney fees incurred to remedy a stay violation, including those incurred in prosecuting the damages action).

53. The Creditor was attempting to collect on a pre-petition debt.

54. The Creditor was continuing to recover on a pre-petition debt.

55. The Creditor, by and through Creditor's counsel, wrongfully withheld pre-petition preference funds after the Plaintiff's bankruptcy filing and discharge.

56. Despite the abundance of notice to the Creditor regarding the existence of the Chapter 7 bankruptcy case and the subsequent automatic stay, the Creditor willfully violated the automatic stay and discharge injunction by wrongfully withholding pre-petition preference funds after the Plaintiff's bankruptcy filing for an unreasonably long time.

57. Despite the abundance of notice to the Creditor regarding the existence of the Chapter 7 bankruptcy case and the subsequent automatic stay, the Creditor willfully violated the automatic stay by failing to reverse any such action taken in violation of the automatic stay.

58. By failing to respond to the Plaintiff's post-petition letters, dated January 20, 2018 and April 20, 2018, the Creditor was defiantly refusing to return the wrongfully withheld funds.

59. By failing to return the pre-petition preference funds despite receiving the Plaintiff's post-petition letters, the Creditor obtained and retained possession of, and exercised control over, the wrongfully withheld funds in willful violation of the automatic stay and/or discharge injunction.

60. Because of the Creditor's actions or inactions, the Plaintiff suffered injuries consisting of, but not limited to, actual damages, emotional distress, and miscellaneous other expenses.

61. Because of the Creditor's actions or inactions, the Plaintiff was forced to hire counsel to prosecute this Adversary Proceeding.

62. Any individual injured by a defendant's willful violation of the automatic stay and/or discharge injunction, such as the Plaintiff in this matter, shall recover actual damages, attorney fees, costs, and in certain circumstances, punitive damages. 11 U.S.C. § 105(a), 11 U.S.C. § 362(k), and 11 U.S.C. § 524(a); *In re Borowski*, 216 B.R. 922, 925 (Bankr. E.D. Mich. 1998).

63. All of the Creditor's conduct rises to a level of willfulness.

64. The Creditor's failure to return, post-petition, the pre-petition preference funds indicates a callous disregard for the rights of the debtor or of the bankruptcy estate.

## COUNT V: STATUTORY AND/OR COMMON LAW CONVERSION

65. The Plaintiff fully incorporates paragraphs 1 – 64.

66. By its wrongful withholding of the pre-petition preference funds in the amount of $840.99 despite being asked to return the funds post-petition, the Creditor exercised dominion over the Plaintiff's property in a denial of, or inconsistent with, the Plaintiff's rights to said funds, thereby constituting common law and or statutory conversion. M.C.L. § 600.2919a; *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94, 111; 593 N.W.2d 595 (1999).

67. As a direct and proximate cause of the conversions by the Creditor, the Plaintiff has suffered injuries consisting of, but not limited to, actual damages, emotional distress, and miscellaneous other expenses.

68. Additionally, the Plaintiff is entitled to recover treble damages and an award of costs and reasonable attorney fees in prosecuting this action pursuant to M.C.L. § 600.2919a(1).

WHEREFORE, the Plaintiff respectfully requests this Honorable Court enter judgment for the Plaintiff and against the Creditor a for the following:

A. Declare the pre-petition withholdings of bank funds to be avoidable preferences and award judgment against the Creditor in the amount of $840.99, plus pre- and post-judgment interest thereon to the date of payment and the costs of this action, pursuant to 11 U.S.C. § 550(a).

B. Disallow any claim of the Creditor against the Plaintiff, pursuant to 11 U.S.C. § 502(d).

C. Declare the pre-petition withholdings of bank funds to be violations of the automatic stay and/or discharge injunction and award judgment against the Creditor in the amount of $840.99, plus pre- and post-judgment interest thereon to the date of payment and the costs of this action, pursuant to 11 U.S.C. § 362(k) and 11 U.S.C. § 524(a).

D. Declare the post-petition retention of the pre-petition funds in the amount of $840.99 constitutes statutory and/or common law conversion and award judgement against the Creditor, pursuant to M.C.L. § 600.2919a(1) and *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94, 111; 593 N.W.2d 595 (1999).

E. Award the Plaintiff costs and attorney fees against the Creditor, pursuant to 11 U.S.C. § 362(k), 11 U.S.C. § 524(a), 11 U.S.C. § 105(a), and M.C.L. § 600.2919a(1).

F. Award the Plaintiff treble damages against the Creditor in the amount of $2,522.97, pursuant to M.C.L. § 600.2919a(1).

G. Award punitive damages and/or sanctions to the Plaintiff and against the Creditor, pursuant to 11 U.S.C. § 362(k), 11 U.S.C. § 524(a), 11 U.S.C. § 105(a), and *In re Borowski*, 216 B.R. 922, 925 (Bankr. E.D. Mich. 1998).

H. Sanction the Creditor by ordering the Creditor to pay an additional $250.00 per day once the judgment becomes final until the full amount of the awarded, including the daily sanction, interest, and attorney fees, is completely satisfied, pursuant to 11 U.S.C. § 362(k), 11 U.S.C. § 524(a), and 11 U.S.C. § 105(a).

I. Order that the Court retains jurisdiction over this matter to enforce the judgment and to assess whether the imposition of additional sanctions may be appropriate.

J. Order that the Creditor is responsible for Plaintiff's attorney fees in enforcing the judgement.

K. Grant any and all other relief deemed equitable, just, and proper.

Respectfully submitted,

DIETRICH LAW FIRM

Dated: 5/8/18

_____
Robert W. Dietrich (P49704)
Michael T. Brown (P71385)
Attorney for Plaintiff
3815 W. Saint Joseph Street, Ste. A200
Lansing, Michigan 48917
(517) 374-8000
Fax: (517) 374-9080
rwd@DietrichLawFirm.net

and

James O. Edokpolo
JEDO LAW FIRM, PLC
Co-Counsel for Plaintiff
6035 Executive Dr., Ste. 212
Lansing, MI 48911
(517) 482-8800
jedokpolo@aol.com